PUGH v. BUTLER.

1. AUTOMOBILES—NEGLIGENCE—SPEED.

In action by plaintiff motorist for damages sustained when his car stalled as he was about to cross the pavement of a trunkline highway at the entrance to his driveway when defendant motorist, who had been driving at an estimated speed of 70 to 75 miles an hour, collided with him after skidding 88 feet in a straight line, testimony *held*, to present an issue of fact for the jury concerning defendant's alleged negligence.

2. SAME — CONTRIBUTORY NEGLIGENCE — UNFORESEEN CARBURETOR TROUBLE—CROSSING TRUNKLINE HIGHWAY.

Whether or not plaintiff motorist was guilty of contributory negligence *held*, a question of fact for jury where evidence shows that he had stopped on right side of pavement of trunkline

highway, that after allowing a car to pass him, he turned left to cross pavement into driveway of his home after having observed defendant some 80 rods away approaching from opposite direction at a speed estimated at from 70 to 75 miles an hour, and that while plaintiff's car was partially across pavement unexpected carburetor trouble developed and car stalled, notwithstanding testimony also shows plaintiff's car could have been stopped almost instantly.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 18, 1939. (Docket No. 119, Calendar No. 40,786.) Decided December 19, 1939.

Case by Pratt Pugh against George N. Butler for damages for personal injuries sustained in a collision between automobiles. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Cyrus J. Goodrich,* for plaintiff.

*Gerald F. Haskell (John D. B. Luyendyk,* of counsel), for defendant.

NORTH, J. This is a personal injury case arising from a collision between automobiles driven by the respective parties. The case was tried before a jury and plaintiff had verdict and judgment thereon. Defendant, asserting that he was entitled as a matter of law to have a verdict directed in his favor and judgment entered accordingly, has appealed. The defendant urged this phase of the case before the trial judge on a motion for a directed verdict at the close of plaintiff's proof and at the close of all of the proofs and again later on his motion for judgment *non obstante veredicto.*

On November 22, 1936, plaintiff was driving his son's Ford roadster in a northerly direction from the city of Battle Creek on M-78. Plaintiff's home

was located on the west side of this trunkline highway, which is about 20 feet in width. As plaintiff approached the driveway to his home he drove his car partially off the pavement to his right and came to a stop to let another car pass which was going in the same direction. While his car was stopped plaintiff observed defendant approaching from the north "some 80 rods away." Before attempting to cross the pavement to his left and into his own driveway, plaintiff again looked to the north. He then saw defendant's automobile approaching about 1,000 feet distant. Plaintiff attempted to drive his car across the pavement but, in crossing, his motor developed carburetor trouble and his car stalled just as it was about half way off the pavement. At this time plaintiff again observed defendant approaching about 300 feet away. Plaintiff also made a later observation of defendant's approaching car and testified that he estimated its speed at 70 to 75 miles an hour. Marks on the pavement show that defendant's Chevrolet sedan skidded a distance of 88 feet in a straight line along the westerly side of the pavement before striking the automobile driven by plaintiff. Plaintiff's automobile was struck on the rear right-hand portion and resulted in his sustaining rather serious personal injuries.

The negligence charged against defendant in substance is that at the time and place he failed to keep a proper lookout for traffic on the highway, that he was driving his automobile in a careless and reckless manner and at a greater rate of speed than was reasonable and proper, that when he saw or should have seen plaintiff's automobile crossing the highway defendant negligently failed to reduce his rate of speed or to use reasonable care to avoid colliding with plaintiff's vehicle. There was ample testimony to present an issue of fact for the jury concerning defendant's alleged negligence.

Appellant's contention is that plaintiff was guilty of contributory negligence as a matter of law and the court should have so held. In this connection defendant stresses that plaintiff saw defendant approaching and being aware of this fact plaintiff was guilty of negligence as a matter of law in attempting to cross the highway in front of defendant. But we think a question of fact was presented under the circumstances of this case because there is room for the fair inference that no accident would have occurred had not plaintiff experienced an unanticipated trouble with his motor, resulting in his car stalling before he had entirely passed from the paved portion of the highway. The undisputed testimony was that plaintiff's car had not previously given him trouble of this character. Even defendant testified that the movement of plaintiff's car disclosed no motor trouble until the front portion of the car was near the center line of the pavement. When plaintiff's motor stopped, the front wheels of his car were "about half way from the center line" to the west edge of the pavement; but the momentum of the car carried it forward to the point where it was struck.

Under such a record the trial court was right in refusing to hold that plaintiff was guilty of contributory negligence as a matter of law. We are mindful that appellant in asserting plaintiff was guilty of contributory negligence as a matter of law stresses the following testimony given by plaintiff on cross-examination:

"*Q.* As you came up to the center line, had you looked to the right then and seen the Butler car, you could have stopped without getting on the center line, couldn't you?

"*A.* I did not think it was necessary. * * *

"*Q.* Now, as you made your left turn this way had you applied your brakes before you got to the center line, you would have been able to stop your

car, you could have stopped your car, I assume, in good time, before you reached the center line, could you not?

"*A.* Oh, I will not say whether the center line —I could not say as to that.

"*Q.* But you could stop your car almost instantly, could you not?

"*A.* No, I don't think at that rate of speed I could. * * * I did not want to stop on the pavement.

"*Q.* But you could have, had you decided to, you were able to?

"*A.* Yes."

Notwithstanding the above-quoted testimony and some other of like character, we are of the opinion that in view of the unforeseen difficulties with which plaintiff found himself suddenly confronted and the exceedingly brief time within which the accident must have occurred, a question of fact was presented for the jury on both the issue of negligence and contributory negligence. There is no complaint of the charge of the court in the manner of submitting these issues to the jury.

The judgment entered in the circuit court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER and McALLISTER, JJ., concurred.